**In the United States District Court**
**for the District of Kansas**
**at Kansas City**

| | |
|---|---|
| Vicky Louise Cooper, Personal<br>Representative of the Estate<br>of Michael Wesley Cooper, Deceased<br>73 T Street<br>Lake Lotawana, Missouri 64086<br><br>and<br><br>Vicky Louise Cooper<br>73 T Street<br>Lake Lotawana, Missouri 64086,<br><br>Plaintiffs,<br>vs.<br><br>John M. Ciccarelli, M.D.<br>9119 W. 74th Street, Suite 354<br>Shawnee Mission, Kansas 66204,<br><br>Spinal Institute of Kansas City, P.A.<br>a Kansas Professional Association<br>9119 W. 74th Street, Suite 354<br>Shawnee Mission, Kansas 66204<br>**Serve Resident Agent:**<br>Christopher Wilson<br>9119 W. 74th Street, Suite 354<br>Shawnee Mission, Kansas 66204, and<br><br>Jason Randall<br>4320 East Coronado Drive<br>Tucson, Arizona 85718<br><br>Daniel Mitchell, M.D.<br>c/o Midwest Anesthesia Associates<br>Shawnee Mission Medical Center<br>9100 West 74th Street<br>Shawnee Mission, Kansas 66204 | 07 2434 CM |

| | |
|---|---|
| Edward Robertson, M.D.<br>c/o Midwest Anesthesia Associates<br>Shawnee Mission Medical Center<br>9100 West 74th Street<br>Shawnee Mission, Kansas 66204 | )<br>)<br>)<br>)<br>)<br>) |
| Antoinette Quinn, R.N.<br>9100 West 74th Street<br>Shawnee Mission, Kansas 66204 | )<br>)<br>)<br>) |
| Mark S. Reinsel, M.D.<br>9100 West 74th Street<br>Shawnee Mission, Kansas 66204 | )<br>)<br>)<br>) |
| Shawnee Mission Medical Center, Inc.<br>a Kansas Not-for-Profit Corporation<br>9100 West 74th Street<br>Shawnee Mission, Kansas 66204 | )<br>)<br>)<br>)<br>) |
| Defendants. | ) |

**<u>FIFTH AMENDED COMPLAINT</u>**

**<u>Count 1: Survival Claim Based Upon Negligence of John M. Ciccarelli (KSA 60-1801)</u>**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her survival claim against Defendant John M. Ciccarelli, M.D. based upon the negligence of John M. Ciccarelli, M.D., states:

**<u>The Parties</u>**

**<u>Michael Wesley Cooper</u>**

1. Michael Wesley Cooper died on October 11, 2008. At the time of his death, and at all times relevant to the facts and circumstances which form the basis of this claim, Michael Wesley

Cooper was a citizen and resident of Lake Lotawana, Missouri, residing at 73 T Street, Lake Lotawana, Missouri 64086.

**Vicky Cooper**

2. Vicky Louise Cooper is the duly appointed Personal Representative of the Estate of Michael Wesley Cooper, Deceased, having been appointed by the Probate Division of the Circuit Court of Jackson County, Missouri, Independence, Missouri.

**John M. Ciccarelli, M.D.**

3. John M. Ciccarelli, M.D. (hereinafter "Ciccarelli") specializes in orthopedic surgery and offices in Johnson County, Kansas 66204.

4. Ciccarelli is, and at all times relevant has been, a physician licensed to practice medicine in the State of Kansas and has held himself out as offering that degree of skill and care as other physicians with the same or similar training, education and experience.

5. Ciccarelli and Michael Wesley Cooper, at all times relevant to the facts and circumstances which form the basis of this lawsuit, had a physician/patient relationship.

**Spinal Institute of Kansas City, P.A.**

6. Spinal Institute of Kansas City, P.A. (hereinafter "Spinal Institute") is and at all relevant times has been, a professional association organized and existing under the laws of the State of Kansas, specializing in the provision of orthopaedic surgical services to patients in need of such medical care.

7. Spinal Institute is, and at all times relevant has been, a health care provider holding itself out as offering that degree of skill and care as other health care providers with the same or similar training, education and experience.

8. Spinal Institute and Michael Wesley Cooper, at all times relevant to the facts and circumstances which form the basis of this lawsuit, had a health care provider/patient relationship.

**Jason Randall**

9. Jason Randall (hereinafter "Randall"), at the time of the acts which form the basis of this lawsuit, was a physician's assistant, licensed to practice in the State of Kansas.

10. At the time of the acts which form the basis of this lawsuit, Randall held himself out as offering that degree of skill and care as other physician's assistants with the same or similar training, education and experience.

11. At all times relevant to the facts and circumstances which form the basis of this lawsuit, Randall and Michael Wesley Cooper had a health care provider/patient relationship.

**Daniel Mitchell, M.D.**

12. Daniel Mitchell, M.D. (hereinafter "Mitchell") is, and at all times relevant has been, a physician licensed to practice medicine in the State of Kansas, holding himself out as offering that degree of skill and care as other physicians with the same or similar training, education and experience.

13. Mitchell specializes in anesthesiology and offices at Shawnee Mission Medical Center, 9400 W. 74th Street, Shawnee Mission, Kansas 66204.

14. At all relevant times, Mitchell and Michael Wesley Cooper had a physician/patient relationship.

**Edward Robertson, M.D.**

15. Edward Robertson (hereinafter "Robertson"), at all times relevant to the fact and circumstances which form the basis of this lawsuit, was a physician licensed to practice medicine in the State of Kansas, holding himself out as offering that degree of skill and care as other physicians with the same or similar training, education and experience.

16. Robertson specializes in anesthesiology and, at all times relevant to the fact and circumstances which form the basis of this lawsuit, officed at Shawnee Mission Medical Center, 9400 W. 74th Street, Shawnee Mission, Kansas 66204.

17. At all times relevant to the fact and circumstances which form the basis of this lawsuit, Robertson and Michael Wesley Cooper had a physician/patient relationship.

**Antoinette Quinn, R.N.**

18. Antoinette Quinn, R.N. (hereinafter "Quinn") is, and at all times relevant has been, a registered nurse licensed to practice the profession of nursing in the State of Kansas, holding herself out as offering that degree of skill and care as other registered nurses with the same or similar training, education and experience.

19. Quinn specializes in the rendering of nursing services and offices at Shawnee Mission Medical Center, 9400 W. 74th Street, Shawnee Mission, Kansas 66204.

20. At all relevant times, Quinn and Michael Wesley Cooper had a nurse/patient relationship.

**Mark S. Reinsel, M.D.**

21. Mark S. Reinsel, M.D. (hereinafter "Reinsel") is, and at all times relevant has been, a physician licensed to practice medicine in the State of Kansas, holding himself out as offering that degree of skill and care as other physicians with the same or similar training, education and experience.

22. Reinsel specializes in radiology and offices at Shawnee Mission Medical Center, 9400 W. 74th Street, Shawnee Mission, Kansas 66204.

23. At all relevant times, Reinsel and Michael Wesley Cooper had a physician/patient relationship.

**Jurisdiction - Diversity of Citizenship**

24. Plaintiffs are citizens and residents of the State of Missouri.

25. Defendants Ciccarelli, Mitchell, and Robertson, Quinn, and Reinsel are citizens and residents of the State of Kansas.

26. Defendant Randall is a citizen and resident of the State of Arizona.

27. Defendant Spinal Institute of Kansas City, P.A. is a citizen of the State of Kansas.

28. Defendant Shawnee Mission Medical Center, Inc. is a citizen of the State of Kansas.

29. The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

30. This Court has jurisdiction based upon diversity of citizenship. 28 U.S.C. § 1332.

**Venue**

31. The acts which form the basis of this lawsuit arose within the geographical confines of the United States District Court for the District of Kansas. Accordingly, venue properly lies with the United States District Court for the District of Kansas.

**The Heirs of Michael Wesley Cooper**

32. At the time of his death, Michael Wesley Cooper was survived by the following individuals, who are his heirs at law within the meaning of KSA 60-1902:

| Name | Relationship to Michael Wesley Cooper |
|---|---|
| Vicky Louise Cooper | Wife |
| Michael Dean Cooper | Son |
| Matthew James Cooper | Son |
| Sarah Michelle Cooper | Daughter |

**Notice to Health Care Stabilization Fund**

33. Pursuant to the notice provisions of K.S.A. Sec. 40-3409, a copy of this Fifth Amended Complaint has been mailed by Certified U.S. Mail to Rita L. Noll, Attorney for the Board of Governors, Kansas Health Care Stabilization Fund, 300 S.W. 8th Street, 2nd Floor, Topeka, Kansas 66603, the original return receipt to be filed of record.

**Facts Forming Basis of Lawsuit**

34. On or about November 29, 2005, Ciccarelli ordered a pre-operative x-ray to be taken of Michael Wesley Cooper's chest prior to a lumber diskectomy, which chest x-ray was to be performed on November 30, 2005.

35. On or about November 30, 2005, said chest x-ray was performed, said x-ray was read by Defendant Reinsel, and Defendant Reinsel authored a Radiology Exam Report based upon his reading of the aforesaid chest x-ray.

36. The Radiology Exam Report stated, in part: "Non-calcified pulmonary parenchymal nodule, right mid lung. Tumor cannot be excluded".

37. Michael Wesley Cooper was never advised of the findings contained in the November 30, 2005 Radiology Exam Report and, in fact, did not learn of said findings until 2007.

**Wrongful Death Damages**

38. As the direct and proximate result of, and as the reasonably foreseeable consequence of, Michael Wesley Cooper not being timely advised of the findings contained in the November 30, 2005 Radiology Exam Report:

(a) Michael Wesley Cooper **died,** and

(1) Plaintiff **Vicky Louise Cooper** suffered and sustained, and will continue to suffer and sustain, the following injuries and damages:

(A) Loss of marital care, attention, advice, counsel, and protection;

(B) Loss of earnings that Michael Wesley Cooper would have provided;

(C) Expenses for the care of Michael Wesley Cooper caused by Ciccarelli's negligence;

(D) Funeral and burial expenses;

(E) Mental anguish, suffering, and bereavement;

(F) Loss of society, loss of comfort, and loss of companionship; and

(2) Michael Wesley Cooper's **children** suffered and sustained, and will continue to suffer and sustain, the following injuries and damages:

(A) Loss of parental care, training, guidance, education, and protection;

(B) Loss of earnings that Michael Wesley Cooper would have provided;

(C) Expenses for the care of Michael Wesley Cooper caused by Ciccarelli's negligence;

(D) Funeral and burial expenses;

(E) Mental anguish, suffering, and bereavement; and

(F) Loss of society, loss of comfort, and loss of companionship.

(b) Michael Wesley Cooper, who would have had a **substantial chance of survival** if he had been diagnosed and treated in a timely manner and under the applicable standard of care, was deprived of that substantial chance of survival and

(1) Plaintiff **Vicky Louise Cooper** suffered and sustained, and will continue to suffer and sustain, the following injuries and damages:

(A) Loss of marital care, attention, advice, counsel, and protection;

(B) Loss of earnings that Michael Wesley Cooper would have provided;

(C) Expenses for the care of Michael Wesley Cooper caused by Ciccarelli's negligence;

(D) Funeral and burial expenses;

(E) Mental anguish, suffering, and bereavement;

(F) Loss of society, loss of comfort, and loss of companionship; and

(2) Michael Wesley Cooper's **children** suffered and sustained, and will continue to suffer and sustain, the following injuries and damages:

(A) Loss of parental care, training, guidance, education, and protection;

(B) Loss of earnings that Michael Wesley Cooper would have provided;

(C) Expenses for the care of Michael Wesley Cooper caused by Ciccarelli's negligence;

(D) Funeral and burial expenses;

(E) Mental anguish, suffering, and bereavement; and

(F) Loss of society, loss of comfort, and loss of companionship.

(c) Michael Wesley Cooper, who would have had a **substantial chance for better recovery** if he had been diagnosed and treated in a timely manner and under the applicable standard of care, was deprived of that substantial chance for better recovery and

(1) Plaintiff **Vicky Louise Cooper** suffered and sustained, and will continue to suffer and sustain, the following injuries and damages:

(A) Loss of marital care, attention, advice, counsel, and protection;

(B) Loss of earnings that Michael Wesley Cooper would have provided;

(C) Expenses for the care of Michael Wesley Cooper caused by Ciccarelli's negligence;

(D) Funeral and burial expenses;

(E) Mental anguish, suffering, and bereavement;

(F) Loss of society, loss of comfort, and loss of companionship; and

(2) Michael Wesley Cooper's **children** suffered and sustained, and will continue to suffer and sustain, the following injuries and damages:

(A) Loss of parental care, training, guidance, education, and protection;

(B) Loss of earnings that Michael Wesley Cooper would have provided;

(C) Expenses for the care of Michael Wesley Cooper caused by Ciccarelli's negligence;

(D) Funeral and burial expenses;

(E) Mental anguish, suffering, and bereavement; and

(F) Loss of society, loss of comfort, and loss of companionship.

**<u>Survival Damages</u>**

39. As the direct and proximate result of, and as the reasonably foreseeable consequence of, Michael Wesley Cooper not being timely advised of the findings contained in the November 30, 2005 Radiology Exam Report:

(a) Michael Wesley Cooper's lung cancer was allowed to go undetected and untreated for over a year, during which time it grew, spread, worsened, and became more pronounced, severe, and resistant to treatment;

(b) Michael Wesley Cooper, whose lung cancer could have been cured and/or effectively treated had he been advised of the Radiology Exam Report on or about November 30, 2005:

(1) was deprived of a substantial chance for a full and complete recovery from his cancer;

(2) was deprived of a substantial chance for a fuller and more complete recovery from his cancer;

(3) was deprived of a substantial chance for a more effective treatment of his cancer; and

(4) died on October 11, 2008.

(c) Michael Wesley Cooper developed non-small-cell lung cancer (or, in the alternative, it was permitted to grow, spread, worsen, and become more pronounced, severe, and resistant to treatment);

(d) Michael Wesley Cooper developed an 11 centimeter hypermetabolic mass occupying the majority of the right lower lobe consistent with a primary lung malignancy (or, in the alternative, it was permitted to grow, spread, worsen, and become more pronounced, severe, and resistant to treatment);

(e) Michael Wesley Cooper developed superimposed positive obstructive pneumonitis (or, in the alternative, it was permitted to grow, spread, worsen, and become more pronounced, severe, and resistant to treatment);

(f) Michael Wesley Cooper was required to undergo a biopsy of his right lung and a bronchoscopy;

(g) Michael Wesley Cooper was required to have a right thoracotomy with right pneumectomy;

(h) Michael Wesley Cooper was required to undergo more extensive, intrusive, and debilitating medical treatments than he would have been required to undergo had he been timely advised of the November 30, 2005 Radiology Exam Report;

(i) Michael Wesley Cooper was required to seek the care and attention of doctors and other health care providers, all in a reasonable and necessary effort to cure and relieve himself from the effects of Ciccarelli's aforesaid negligence and Michael Wesley Cooper incurred substantial bills for these doctors and other health care providers;

(j) Michael Wesley Cooper suffered and sustained mental and physical pain and suffering, sleeplessness, anxiety and upset as a result of Ciccarelli's aforesaid negligence;

(k) Michael Wesley Cooper lost time from work and sustained a loss of wages and a loss of income-producing ability;

(l) Michael Wesley Cooper's life expectancy was reduced;

(m) Michael Wesley Cooper died on October 11, 2008;

(n) Michael Wesley Cooper suffered and sustained physical, mental and emotional pain and suffering;

(o) Michael Wesley Cooper suffered and sustained permanent disability, loss of enjoyment of life, and other damages; and

(p) Vicky Louise Cooper, who was united in marriage to Michael Wesley Cooper on December 8, 1972, and who remained married to Michael Wesley Cooper until Michael Wesley Cooper's death on October 11, 2008, sustained damages for, but not limited to, impairment of Michael Wesley Cooper's household services, impairment of his ability to discharge his domestic duties, loss of his consortium, society, and other pecuniary damages. Pursuant to K.S.A. Sec. 23-205, Vicky Louise Cooper's losses were vested in Michael Wesley Cooper and, to the extent that these losses were sustained prior to the date of Michael Wesley Cooper's death, are now vested in the Estate of Michael Wesley Cooper.

**Ciccarelli's Negligence**

40. Ciccarelli, in his care and treatment of Michael Wesley Cooper, was negligent and careless and failed to use such care as a reasonably prudent and careful health care provider would have under the same or similar circumstances in that, while the November 30, 2005 Radiology Exam Report contained findings of "Non-calcified pulmonary parenchymal nodule, right mid lung. Tumor cannot be excluded", Ciccarelli, after receiving and reviewing the Radiology Exam Report, failed to notify Michael Wesley Cooper of such findings.

**Damages**

41. As the direct and proximate result of Ciccarelli's negligent acts and omissions, Michael Wesley Cooper did not know, for over a year, that he was suffering from lung cancer and suffered and sustained the injuries and damages set forth in ¶39, above.

WHEREFORE, Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, deceased, prays judgment against Defendant John M. Ciccarelli, M.D. for all damages suffered and sustained by Michael Wesley Cooper prior to his death - all as more fully detailed hereinabove - in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 2: Survival Claim Based Upon John M. Ciccarelli's Vicarious Liability for the Negligence of Jason Randall (KSA 60-1801)**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her survival claim against Ciccarelli based upon Ciccarelli's vicarious liability for the negligence of Jason Randall, states:

42. She incorporates herein each and every statement and allegation contained in ¶¶1-37 and 39 of this Fifth Amended Complaint.

**Randall's Negligence**

43. On or about November 30, 2005, said x-ray was taken of Michael Wesley Cooper's chest and, thereafter, the results were sent Ciccarelli's office and made available for Randall to review.

44. Randall in his care and treatment of Michael Wesley Cooper and in the discharge of his duties as a physician's assistant, was negligent and careless and failed to use such care as a reasonably prudent and careful health care provider would have under the same or similar circumstances in that, while the November 30, 2005 Radiology Exam Report contained findings of "Non-calcified pulmonary parenchymal nodule, right mid lung. Tumor cannot be excluded", Randall, after receiving and reviewing the Radiology Exam Report in December, 2005, failed to notify Michael Wesley Cooper or Ciccarelli of such findings.

**Randall Was Ciccarelli's Agent**

45. At the time of the events which are the subject of this Complaint, Randall was an employee and agent of Ciccarelli, was acting within the scope and course of his employment and agency with Ciccarelli, and was acting to further the business and professional interests of Ciccarelli. Further, Ciccarelli consented to Randall acting on behalf of Ciccarelli, and Randall was subject to Ciccarelli's supervision and control.

**<u>Damages</u>**

46. As the direct and proximate result of and as the reasonably foreseeable consequence of the negligent acts and omissions of Ciccarelli's employee, agent, and representative, Jason Randall, Michael Wesley Cooper suffered and sustained the injuries and damages set forth in ¶39, above.

WHEREFORE, Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, prays judgment against Ciccarelli in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 3: Wrongful Death Claim**
**<u>Based Upon Negligence of John M. Ciccarelli, M.D. (KSA 60-1901)</u>**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Ciccarelli states:

47. She incorporates herein each and every statement and allegation contained in ¶¶1-38 and 40 of this Fifth Amended Complaint.

**<u>Damages</u>**

48. As the direct and proximate result of Ciccarelli's negligent acts and omissions, Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Ciccarelli in the sum of Three Million Dollars ($3,000,000.00),

exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 4: Wrongful Death Claim Based Upon John M. Ciccarelli's Vicarious Liability for the Negligence of Jason Randall (KSA 60-1901)**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Ciccarelli based upon his vicarious liability for the negligence of Randall, states:

49. She incorporates herein each and every statement and allegation contained in ¶¶1-38 and 43-45, above.

**Damages**

50. As the direct and proximate result of the negligent acts and omissions of Ciccarelli's employee, agent, and representative, Jason Randall, Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Ciccarelli in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 5: Survival Claim Based Upon Spinal Institute's Vicarious Liability for the Negligence of John M. Ciccarelli, M.D. (KSA 60-1801)**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her cause of action against Defendant Spinal Institute of Kansas City, P.A. states:

51. She incorporates herein each and every statement and allegation contained in ¶¶1-37, and 39-41 of this Fifth Amended Complaint.

**Ciccarelli Was Spinal Institute's Agent**

52. At the time of the events which are the subject of this Complaint, Ciccarelli was an employee and agent of Spinal Institute, was acting within the scope and course of his employment with Spinal Institute, and was acting to further the business interests of Spinal Institute. Further, Spinal Institute consented to Ciccarelli acting on its behalf and Ciccarelli was subject to Spinal Institute's supervision and control.

**Damages**

53. As the direct and proximate result of the negligent acts and omissions of Spinal Institute's employee, agent, and representative, Ciccarelli, Michael Wesley Cooper did not know, for over a year, that he was suffering from lung cancer and suffered and sustained the injuries and damages set forth in ¶39, above.

WHEREFORE, Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, deceased, prays judgment against Spinal Institute for all damages suffered and sustained by Michael Wesley Cooper prior to his death - all as more fully detailed hereinabove - in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not

limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 6: Wrongful Death Claim Based Upon Spinal Institute's**
**Vicarious Liability for the Negligence of John M. Ciccarelli, M.D. (KSA 60-1901)**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Defendant Spinal Institute of Kansas City, P.A., states:

54. She incorporates herein each and every statement and allegation contained in ¶¶1-38, 40-41, and 52 of this Fifth Amended Complaint.

**Damages**

55. As the direct and proximate result of the negligent acts and omissions of Spinal Institute's employee, agent, and representative, Jason Randall, Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Spinal Institute in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 7: Survival Claim Based Upon Spinal Institute's**
**Vicarious Liability for the Negligence of Jason Randall (KSA 60-1801)**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her cause of action against Spinal Institute states:

56. She incorporates herein each and every statement and allegation contained in ¶¶1-37, 39, and 43-44 of this Fifth Amended Complaint.

**Randall Was Spinal Institute's Agent**

57. At the time of the events which are the subject of this Complaint, Randall was an employee and agent of Spinal Institute, was acting within the scope and course of his employment and agency with Spinal Institute, and was acting to further the business and professional interests of Spinal Institute. Further, Spinal Institute consented to Randall acting on its behalf and Randall was subject to Spinal Institute's supervision and control.

**Damages**

58. As the direct and proximate result of and as the reasonably foreseeable consequence of the negligent acts and omissions of Spinal Institute's employee, agent, and representative, Jason Randall, Michael Wesley Cooper suffered and sustained the injuries and damages set forth in ¶39.

WHEREFORE, Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, deceased, prays judgment against Spinal Institute for all damages suffered and sustained by Michael Wesley Cooper prior to his death - all as more fully detailed hereinabove - in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 8: Wrongful Death Claim Based Upon Spinal Institute's Vicarious Liability for the Negligence of Jason Randall (KSA 60-1901)**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Spinal Institute, states:

59. She incorporates herein each and every statement and allegation contained in ¶¶1-38 and 43-44 of this Fifth Amended Complaint.

60. As the direct and proximate result of the negligent acts and omissions of Spinal Institute's employee, agent, and representative, Randall, Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Spinal Institute in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 9: Survival Claim Against Jason Randall (KSA 60-1801)**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her cause of action against Jason Randall, states:

61. She incorporates herein each and every statement and allegation contained in ¶¶1-37, 39, and 43-44 of this Fifth Amended Complaint.

**Damages**

62. As the direct and proximate result of and as the reasonably foreseeable consequence of the negligent acts and omissions of Randall, Michael Wesley Cooper suffered and sustained the injuries and damages set forth in ¶39, above.

WHEREFORE, Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, deceased, prays judgment against Randall for all damages suffered and sustained by Michael Wesley Cooper prior to his death - all as more fully detailed hereinabove - in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 10: Wrongful Death Claim Against Jason Randall (KSA 60-1901)**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Randall states:

63. She incorporates herein each and every statement and allegation contained in ¶¶1-38 and 43-44 of this Fifth Amended Complaint.

64. As the direct and proximate result of the negligent acts and omissions of Randall, Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Randall in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 11: Survival Claim Against Daniel Mitchell, M.D. (KSA 60-1801)**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her survival claim against Mitchell, states:

65. She incorporates herein each and every statement and allegation contained in ¶¶1-37 and 39 of this Fifth Amended Complaint.

**Mitchell's Negligence**

66. Mitchell, in his care and treatment of Michael Wesley Cooper, was negligent and careless and failed to use such care as a reasonably prudent and careful health care provider would have under the same or similar circumstances in that, while the November 30, 2005 Radiology Exam Report contained findings of "Non-calcified pulmonary parenchymal nodule, right mid lung. Tumor cannot be excluded", Mitchell, after receiving and reviewing the Radiology Exam Report:

(a) failed to notify Michael Wesley Cooper of such findings;

(b) failed to advise Ciccarelli of these findings; and

(c) failed to advise Randall of these findings.

**Damages**

67. As the direct and proximate result of Mitchell's negligent acts and omissions, Michael Wesley Cooper did not know, for over a year, that he was suffering from lung cancer and suffered and sustained the injuries and damages set forth in ¶39, above.

WHEREFORE, Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, deceased, prays judgment against Mitchell for all damages suffered and sustained by Michael Wesley Cooper prior to his death - all as more fully detailed hereinabove - in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set

forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 12: Wrongful Death Claim Against Daniel Mitchell, M.D. (KSA 60-1901)**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Mitchell states:

68. She incorporates herein each and every statement and allegation contained in ¶¶1-38 and 66 of this Fifth Amended Complaint.

**Damages**

69. As the direct and proximate result of, and as the reasonably foreseeable consequence of, Mitchell's negligence, Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Mitchell in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 13: Survival Claim Against Edward Robertson, M.D. (KSA 60-1801)**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her survival claim against Robertson, states:

70. She incorporates herein each and every statement and allegation contained in ¶¶1-37 and 39 of this Fifth Amended Complaint.

**Robertson's Negligence**

71. Robertson, in his care and treatment of Michael Wesley Cooper, was negligent and careless and failed to use such care as a reasonably prudent and careful health care provider would have under the same or similar circumstances in that, while the November 30, 2005 Radiology Exam Report contained findings of "Non-calcified pulmonary parenchymal nodule, right mid lung. Tumor cannot be excluded", Robertson, after receiving and reviewing the Radiology Exam Report:

(a) failed to notify Michael Wesley Cooper of such findings;

(b) failed to advise Ciccarelli of these findings; and

(c) failed to advise Randall of these findings.

**Damages**

72. As the direct and proximate result of Robertson's negligent acts and omissions, Michael Wesley Cooper did not know, for over a year, that he was suffering from lung cancer and suffered and sustained the injuries and damages set forth in ¶39, above.

WHEREFORE, Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, deceased, prays judgment against Robertson for all damages suffered and sustained by Michael Wesley Cooper prior to his death - all as more fully detailed hereinabove - in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set

forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 14: Wrongful Death Claim Against Edward Robertson, M.D. (KSA 60-1901)**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Robertson states:

73. She incorporates herein each and every statement and allegation contained in ¶¶1-38 and 71 of this Fifth Amended Complaint.

**Damages**

74. As the direct and proximate result of, and as the reasonably foreseeable consequence of, Robertson's negligence, Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Robertson in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 15: Survival Claim Against Antoinette Quinn, R.N. (KSA 60-1801)**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her survival claim against Quinn states:

75. She incorporates herein each and every statement and allegation contained in ¶¶1-37 and 39 of this Fifth Amended Complaint.

**Quinn's Negligence**

76. The Radiology Exam Report of Michael Wesley Cooper's chest x-ray was read by Quinn prior to Michael Wesley Cooper's surgery.

77. Quinn, in her care and treatment of Michael Wesley Cooper, was negligent and careless and failed to use such care as a reasonably prudent and careful health care provider would have under the same or similar circumstances in that, while the November 30, 2005 Radiology Exam Report contained findings of "Non-calcified pulmonary parenchymal nodule, right mid lung. Tumor cannot be excluded", Quinn, after receiving and reviewing the Radiology Exam Report:

(a) failed to notify Michael Wesley Cooper of such findings;

(b) according to the sworn testimony of Ciccarelli, failed to advise Ciccarelli of these findings;

(c) according to the sworn testimony of Randall, failed to advise Randall of these findings; and

(d) according to the sworn testimony of Mitchell, failed to advise Mr. Cooper's anesthesiologist of these findings.

**Damages**

78. As the direct and proximate result of Quinn's negligent acts and omissions, Michael Wesley Cooper did not know, for over a year, that he was suffering from lung cancer and suffered and sustained the injuries and damages set forth in ¶39, above.

WHEREFORE, Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, deceased, prays judgment against Quinn for all damages suffered and sustained by Michael Wesley Cooper prior to his death - all as more fully detailed hereinabove - in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 16: Wrongful Death Claim Against Antoinette Quinn, R.N. (KSA 60-1901)**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Quinn states:

79. She incorporates herein each and every statement and allegation contained in ¶¶1-38 and 76-77 of this Fifth Amended Complaint.

**Damages**

80. As the direct and proximate result of, and as the reasonably foreseeable consequence of, Quinn's negligence, Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Quinn in the sum of Three Million Dollars ($3,000,000.00),

exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 17: Survival Claim Against Mark S. Reinsel, M.D. (KSA 60-1801)**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her survival claim against Reinsel states:

81. She incorporates herein each and every statement and allegation contained in ¶¶1-37 and 39 of this Fifth Amended Complaint.

**Reinsel's Negligence**

82. On or about November 30, 2005, Reinsel read the chest x-ray and authored a Radiology Exam Report based upon his reading of the aforesaid chest x-ray.

83. Reinsel, in his care and treatment of Michael Wesley Cooper, was negligent and careless and failed to use such care as a reasonably prudent and careful health care provider would have under the same or similar circumstances in that, while the November 30, 2005 Radiology Exam Report contained findings of "Non-calcified pulmonary parenchymal nodule, right mid lung. Tumor cannot be excluded", Reinsel, after receiving and reviewing the Radiology Exam Report:

(a) failed to notify Michael Wesley Cooper of such findings;

(b) according to the sworn testimony of Ciccarelli, other than putting these findings in the Radiology Exam Report, Reinsel failed to advise Ciccarelli of these findings;

(c) according to the sworn testimony of Randall, other than putting these findings in the Radiology Exam Report, Reinsel failed to advise Randall of these findings; and

(d) according to the sworn testimony of Mitchell, failed to advise Mr. Cooper's anesthesiologist of these findings.

**Damages**

84. As the direct and proximate result of Reinsel's negligent acts and omissions, Michael Wesley Cooper did not know, for over a year, that he was suffering from lung cancer and suffered and sustained the injuries and damages set forth in ¶39, above.

WHEREFORE, Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, deceased, prays judgment against Reinsel for all damages suffered and sustained by Michael Wesley Cooper prior to his death - all as more fully detailed hereinabove - in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 18: Wrongful Death Claim Against Mark S. Reinsel, M.D. (KSA 60-1901)**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Reinsel states:

85. She incorporates herein each and every statement and allegation contained in ¶¶1-38 and 82-83 of this Fifth Amended Complaint.

**Damages**

86. As the direct and proximate result of, and as the reasonably foreseeable consequence of, Reinsel's negligence, Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Reinsel in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 19: Survival Claim Against Shawnee Mission Medical Center, Inc. (KSA 60-1801)**

COMES NOW Plaintiff Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, Deceased, and for her survival claim against Defendant Shawnee Mission Medical Center, Inc., states:

87. She incorporates herein each and every statement and allegation contained in ¶¶1-37 and 39 of this Fifth Amended Complaint.

**Shawnee Mission Medical Center's Negligence**

88. Defendant Shawnee Mission Medical Center, Inc., in its care and treatment of Michael Wesley Cooper, was negligent and careless and failed to use such care as a reasonably prudent and careful health care provider would have under the same or similar circumstances in that, while the November 30, 2005 Radiology Exam Report contained findings of "Non-calcified pulmonary parenchymal nodule, right mid lung. Tumor cannot be excluded", Defendant Shawnee

Mission Medical Center, Inc. failed to have policies and procedures in place to assure that these findings would be timely and accurately communicated to:

(a) the physicians providing anesthesia services to Michael Wesley Cooper;

(b) the physician performing surgery on Michael Wesley Cooper; and

(c) Michael Wesley Cooper.

**Damages**

89. As the direct and proximate result of Defendant Shawnee Mission Medical Center, Inc.'s negligent acts and omissions, Michael Wesley Cooper did not know, for over a year, that he was suffering from lung cancer and suffered and sustained the injuries and damages set forth in ¶39, above.

WHEREFORE, Vicky Louise Cooper, Personal Representative of the Estate of Michael Wesley Cooper, deceased, prays judgment against Defendant Shawnee Mission Medical Center, Inc. for all damages suffered and sustained by Michael Wesley Cooper prior to his death - all as more fully detailed hereinabove - in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

**Count 20: Wrongful Death Claim**
**Against Shawnee Mission Medical Center, Inc. (KSA 60-1901)**

COMES NOW Plaintiff Vicky Louise Cooper and for her cause of action against Defendant Shawnee Mission Medical Center, Inc. states:

90. She incorporates herein each and every statement and allegation contained in ¶¶1-38 and 88 of this Fifth Amended Complaint.

91. As the direct and proximate result of, and as the reasonably foreseeable consequence of, Defendant Shawnee Mission Medical Center, Inc.'s negligence Plaintiff Vicky Louise Cooper and the heirs of Michael Wesley Cooper suffered and sustained and continue to suffer and sustain the injuries and damages set forth in ¶38, above.

WHEREFORE, Vicky Louise Cooper, for herself and the children of Michael Wesley Cooper, prays judgment against Defendant Shawnee Mission Medical Center, Inc. in the sum of Three Million Dollars ($3,000,000.00), exclusive of interest and costs, and all other damages set forth above and allowed by law, both economic and non-economic, including but not limited to pain, suffering, mental anguish, and lost income, together with her costs herein incurred and expended.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff designates the location of the trial of this matter to be Kansas City, Kansas.

HANKINS & CONKLIN, P.C.

*/s/ Thomas E. Hankins*

Thomas E. Hankins - KS #70250, MO #26005
6812 N. Oak, Suite 5
Gladstone, Missouri 64118
Telephone: (816) 436-3100
Fax: (816) 436-8643
**Attorneys for Plaintiffs**

**Certificate of Service**

I hereby certify that on December 9, 2008, I electronically filed the foregoing document with the Clerk of the United States District Court for the District of Kansas using the CM/ECF system, which sent notification of such filing to the following: Thomas P. Cartmell and Sarah Ruane, Attorneys for Defendant John M. Ciccarelli, M.D., and Todd A. Scharnhorst and Eric A. Morrison, Attorneys for Defendants Spinal Institute of Kansas City, P.A. and Jason Randall.

/s/ *Thomas E. Hankins*
Thomas E. Hankins
Attorney for Plaintiffs