IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

VICKY LOUISE COOPER,
Personal Representative of the Estate
of Michael Wesley Cooper, Deceased,
et al.,

     Plaintiffs,      Civil Action

  v.            Case No. 07-2434-GLR

JOHN M. CICCARELLI, M.D.,
et al.,

     Defendants.

**MEMORANDUM AND ORDER**

The above-captioned matter came before the Court on September 15, 2009, upon Defendant Ciccarelli's Motion to Quash Notice to Take Deposition of Alexander Sloan Bailey, M.D. Duces Tecum (doc. 118). Plaintiffs appeared by their attorney Thomas E. Hankins. Defendant Ciccarelli appeared by his attorney Sarah S. Ruane. Defendants Spinal Institute and Randall appeared by their attorney Eric A. Morrison. Defendants Mitchell and Robertson appeared by their attorney Barbara K. Christopher. Defendants Shawnee Mission Medical Center, Inc. and Quinn appeared by their attorney Bruce Keplinger. Defendant Reinsel appeared by his attorney Timothy P. McCarthy.

By his motion, Defendant Ciccarelli sought to quash the notice of deposition served by Plaintiffs on his previously-designated expert witness, Dr. Bailey. Opposing the motion, Plaintiffs contended they are entitled to take the deposition of Dr. Bailey under Fed. R. Civ. P. 26(b)(4)(A) because Defendant Ciccarelli previously designated Dr. Bailey as a testifying expert witness. After giving due consideration to the motion and to the memoranda and oral argument of counsel, the

Court granted the motion for the following reasons.

**I.      Factual background**

This medical malpractice case was filed September 11, 2007. The original Scheduling Order entered in this case set a September 15, 2008 deadline for Defendants to serve their Rule 26(a)(2) expert witness disclosures.[1] This deadline was later extended to October 15, 2008.[2] Defendant Ciccarelli served his expert witness disclosures on October 15, 2008.[3] Those disclosures designated Dr. Bailey as an expert expected to testify at trial. They included his written report. It suggested that other medical professionals had breached their duty of due care.

On October 20, 2008, Plaintiffs filed their Motion to Join Additional Parties. It sought leave for Plaintiffs to join the medical professionals named by Dr. Bailey in his report. The Court sustained the motion without objection and granted Plaintiffs leave to file their Fifth Amended Complaint.[4] After all the added defendants had answered, the Court entered a Revised Scheduling Order that set new deadlines for disclosure of expert witnesses.[5] The deadline for Defendants to serve their Fed. R. Civ. P. 26(a)(2) expert disclosures was set for June 15, 2009. Defendants' deadline for serving their expert disclosures was later extended to September 1, 2009.[6]

On July 17, 2009, Defendant Ciccarelli notified Plaintiffs by email that his expert, Dr.

---

[1]*See* Scheduling Order (doc. 37).

[2]*See* Order (doc. 67).

[3]*See* Certificate of Service (doc. 72).

[4]*See* Order (doc. 83).

[5]*See* Revised Scheduling Order (doc. 95).

[6]*See* Second Revised Scheduling Order (doc. 113).

Bailey, would not testify at trial. On July 27, 2009, Plaintiffs served their Notice to Take Deposition of Alexander Sloan Bailey.[7] Defendant Ciccarelli filed the Notice of Withdrawal of Testifying Expert on August 4, 2009.[8] It stated that Dr. Bailey would "remain a consulting expert" but would "not be called to testify at trial."[9] The instant motion to quash the deposition notice followed.

## II.     Discussion

The Court finds the motion is governed by Fed. R. Civ. P. 26(b)(4). The issue is to what extent subsection (A) or (B) of that Rule applies to Plaintiffs' notice to depose Dr. Bailey. Fed. R. Civ. P. 26(b)(4) provides for discovery of experts as follows:

> (A) *Expert Who May Testify*. A party may depose any person who has been identified as an expert whose opinions may be presented at trial. If Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only after the report is provided.
>
> (B) *Expert Employed Only for Trial Preparation.* Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
>
>> (i) as provided in Rule 35(b); or
>>
>> (ii) on showing exceptional circumstances under which it is impracticable for
>
> the party to obtain facts or opinions on the same subject by other means.[10]

The Court finds that subsection (B), not (A), applies. First, the Court notes that Fed. R. Civ. P. 26(b)(4)(A) is entitled "Expert Who May Testify." Dr. Bailey no longer fits into that category.

---

[7]*See* Notice to Take Deposition (doc. 116).

[8]*See* Notice of Withdrawal of Testifying Expert (doc. 117).

[9]*Id.*

[10]Fed. R. Civ. P. 26(b)(4).

3

Defendant Ciccarelli has withdrawn him as an expert witness and has designated him instead only as a consulting expert.

Defendant Ciccarelli argues that the Tenth Circuit, in *Durflinger v. Artiles*,[11] has held that a testifying expert can be converted to a consulting expert and insulated from further discovery.[12] In *Durflinger*, the plaintiffs originally retained Dr. Dyck as a consultant. They designated him as a probable witness. They then withdrew the designation and informed the defendants. Defendants then contacted Dr. Dyck. At their request, he provided them with a copy of the report he had prepared for the plaintiffs. The Tenth Circuit held that the defendants had violated Rule 26(b)(4)(B), which permits discovery of facts and opinions held by a retained expert not expected to be called as a witness at trial only upon a showing of exceptional circumstances.[13] The court further noted that "[t]he Rule is designed to promote fairness by precluding unreasonable access to an opposing party's diligent trial preparation."[14]

Plaintiffs argue that *Durflinger* does not apply to the instant case, because Rule 26(b)(4) was amended in 1993. Arguably, *Durflinger* differs to some extent. While subsection (A) was amended in 1993 to provide that experts who are expected to be witnesses will be subject to deposition,[15] subsection (B) of the Rule has no significant change. In any event, the undersigned magistrate judge is convinced that its reasoning applies and provides the standard for the present motion. In

---

[11] 727 F.2d 888 (10th Cir. 1984).

[12] *Id.* at 891.

[13] *Id.*

[14] *Id.*

[15] Fed. R. Civ. P. 26(b)(4) advisory committee's notes to 1993 amendments.

4

*Durflinger*, the Tenth Circuit looked to the current status of the expert in order to determine if Rule 26(b)(4)(B) applied.

Cases from other jurisdictions support a finding that subsection (B) applies in considering whether a party may depose a non-testifying expert who was previously designated to testify at trial by the opposing party. In *Dayton-Phoenix Group, Inc. v. General Motors Corp.*,[16] the United States District Court for the Southern District of Ohio addressed the issue of whether a party's prior designation of an expert as a Rule 26(b)(4)(A) witness prevents it from invoking subsection (B) to preclude discovery of the opinions held by that expert, in the absence of exceptional circumstances.[17] The *Dayton-Phoenix* court concluded that subsection (B) and not (A) controlled the issue.[18] The court cited three reasons for holding that a party may change its decision to call an expert at trial without waiving the protections afforded by Rule 26(b)(4)(B).[19] First, the Advisory Committee Notes to Rule 26(b)(4)(A) indicate that "[d]iscovery is limited to trial witnesses . . . ."[20] "Second, courts have recognized that the primary purpose of Rule 26(b)(4)(A) is to allow a party to prepare for cross-examination of the expert witnesses to be called at trial by the opposing party."[21] "Third, the purpose of Rule 26(b)(4)(B) is to promote fairness by preventing one party from obtaining access

---

[16]No. C-3-95-480, 1997 WL 1764760 (S.D. Ohio Feb. 19, 1997).

[17]*Id.* at *1

[18]*Id.*

[19]*Id.*

[20]*Id.*

[21]*Id* (citing *Hoover v. United States Dept. of Interior*, 611 F.2d 1132, 1142 (5th Cir. 1980); *In re Shell Oil Refinery*, 132 F.R.D. 437, 440 (E.D. La. 1990)).

to the other party's trial preparation."[22]

In another case, *In re Shell Oil Refinery*,[23] the Eastern District of Louisiana held that prior to the deadline for designation as an expert witness expected to be called at trial pursuant to Rule 26(b)(4)(A), a party "is free to make strategic decisions changing an anticipated witness to a non-witness."[24] The court found that Shell's experts were properly designated as non-testifying experts under Rule 26(b)(4)(B) even though Shell had previously provided preliminary reports from these experts as it expected to call them at trial.[25]

The Court agrees with the reasoning of these cases and finds that Rule 26(b)(4)(B) applies to the notice to depose Dr. Bailey. Defendant has withdrawn his designation as a witness. He is an "expert who has been retained . . . in anticipation of litigation or to prepared for trial and who is not expected to be called as witness at trial."[26] Under subsection (B), Plaintiffs can depose Dr. Bailey only if they show "exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means."[27]

Plaintiff has shown nothing of consequence that would constitute exceptional circumstances to justify proceeding with the deposition of Dr. Bailey. The Court otherwise finds nothing to persuade it that the deposition would serve any justifiable purpose in this case.

---

[22]*Id.* (citing *Durflinger*, 727 F.2d at 891).

[23]132 F.R.D. 437 (E.D. La. 1990).

[24]*Id.* at 440.

[25]*Id.*

[26]Fed. R. Civ. P. 26(b)(4)(B).

[27]*Id.*

**IT IS THEREFORE ORDERED** that Defendant Ciccarelli's Motion to Quash Notice to Take Deposition of Alexander Sloan Bailey, M.D. Duces Tecum (doc. 118) is granted.

Dated this 18th day of September, 2009, in Kansas City, Kansas.

<u>s/ Gerald L. Rushfelt</u>
Gerald L. Rushfelt
U. S. MAGISTRATE JUDGE

cc:    All counsel