IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS
AT KANSAS CITY

| | | |
|---|---|---|
| VICKY LOUISE COOPER, Personal Representative of the Estate of MICHAEL WESLEY COOPER, deceased | ) ) ) ) | |
| and | ) ) | Civil Action |
| Vicky Louise Cooper, | ) ) | Case No. 07 2434 GLR |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| John M. Ciccarelli, M.D., Spinal Institute Of Kansas City, P.A. a Kansas Professional Association, Jason Randall, Daniel Mitchell, M.D., Edward Robertson, M.D., Antoinette Quinn, R.N., Mark S. Reinsel, M.D., and Shawnee Mission Medical Center, Inc., | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## ORDER APPROVING SETTLEMENT OF WRONGFUL DEATH CLAIMS

On November 17, 2009, the Court conducted a hearing in this wrongful death action, pursuant to K.S.A. 60-1905 and upon the Joint Motion of Plaintiff and Defendant Ciccarelli for Approval of Settlement of Wrongful Death Claims (doc. 143). Plaintiff Vicky L. Cooper, individually and in her capacity as personal representative of the estate of Michael Cooper, deceased, appeared in person and through counsel, Thomas E. Hankins. Defendant Ciccarelli appeared through counsel, Sarah S. Ruane. Defendants Spinal Institute of Kansas City, PA and Randall appeared through counsel, Eric Morrison. Defendants Mitchell and Robertson appeared

through counsel, John B. McEntee, Jr. Defendants Shawnee Mission Medical Center, Inc. and Quinn appeared through counsel, John R. Hicks.

Based upon the testimony and evidence presented at the hearing, the Court makes the following findings of fact:

Plaintiff Vicky L. Cooper is the surviving spouse of the deceased Michael Wesley Cooper. She was married to him for 35 years. To their union was born two children: Matthew James Cooper and Sarah Michelle Cooper. The deceased, Michael Wesley Cooper, was also survived by another son, Michael Dean Cooper. At the time of the death of Michael Wesley Cooper, all three of his children were independent adults and receiving no financial support from their father. Plaintiff Vicky L. Cooper relied solely upon her husband for all financial support. The three adult children of the deceased have signed waivers of notice of the apportionment hearing and consented to the award of all net settlement proceeds to Vicky L. Cooper. There are no other heirs at law of the decedent Michael Wesley Cooper.

Based upon the sworn testimony of Vicky L. Cooper and evidence presented at the hearing, including the consent and waivers signed by the three adult children of the deceased, the Court finds that all known heirs of the deceased have signed waivers of notice of the hearing and consented to the award of the net settlement proceeds to Vicky L. Cooper, surviving spouse of Michael Wesley Cooper, deceased. The Court therefore finds that adequate notice of the settlement apportionment hearing was provided to the known heirs of the deceased.

Based upon the testimony and evidence presented at the hearing, the Court finds the terms of the settlement agreement and apportionment of the settlement proceeds, as set forth in the record, to be a fair and reasonable settlement of the alleged medical negligence and wrongful death claims of Plaintiff against Defendant Ciccarelli. Accordingly, the Court, without objection by any

Defendant, grants the Joint Motion for Approval of Settlement of Wrongful Death Claims (doc. 143). The settlement agreement entered into by Plaintiff and Defendant Ciccarelli is hereby approved and the settlement proceeds shall be apportioned as set forth in the record at the hearing.

The Court further finds that the sums and proposed apportionment of Plaintiff's attorneys' fees and expenses to be fair and reasonable under the facts and circumstances of the case.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

(1) The confidential settlement agreement between Plaintiff and Defendant Ciccarelli is hereby approved, and the settlement and the apportionment of the settlement proceeds are found to be fair and reasonable considering the facts and circumstances of the case;

(2) The compensation for attorneys fees to be paid in the action is fair and reasonable;

(3) The monies shall be distributed pursuant to the terms as set forth at the hearing.

(4) At the earliest opportunity, Plaintiff is to:

    (a) Execute the confidential settlement agreement and release;

    (b) Collect and provide a receipt for full payment of the settlement proceeds;

    (c) Deduct and pay out of the settlement proceeds the attorneys' fees and expenses as contracted; and

    (d) Distribute the net settlement proceeds to Vicky L. Cooper.

IT IS SO ORDERED.

Dated in Kansas City, Kansas, this 17th day of November, 2009.

s/ Gerald L. Rushfelt

Gerald L. Rushfelt
United States Magistrate Judge